The issues that the Steinbrechers seek to litigate have been decided many times.[5] In *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981) (per curiam), we announced that future litigants who continued to advance long-defunct arguments, such as those raised here by the taxpayers, would be subject to sanctions under Rule 38 of the Federal Rules of Appellate Procedure. As the Ninth Circuit stated in *Edwards:* "Meritless appeals of this nature are becoming increasingly burdensome on the federal court system." 680 F.2d at 1271.

For these reasons, we AFFIRM the judgment of the Tax Court and impose double costs on appellants. *See Knighten v. Commissioner,* 702 F.2d 59 (5th Cir.1983).

Before BROWN, THORNBERRY and WILLIAMS, Circuit Judges.

PER CURIAM:

The Supreme Court, —— U.S. ——, 103 S.Ct. 1826, 75 L.Ed.2d 863 (1983), has reversed our judgment (*see* 651 F.2d 1058). The judgment of the United States Tax Court, 70 T.C. 756 (1978) is therefore affirmed.

AFFIRMED.

**John F. TUFTS and Mary A. Tufts, et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79-2258.

United States Court of Appeals, Fifth Circuit.*
Unit A

Aug. 18, 1983.

Ronald M. Mankoff, Dallas, Tex., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, Gilbert Rothenberg, Appellate Section, U.S. Dept. of Justice, John H. Menzel, Director, Tax Litigation Div., I.R.S., Washington, D.C., for respondent-appellee.

**EVANS COOPERAGE CO., INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82-3608.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1983.

---

5. *See, e.g., Rechtzigel,* 703 F.2d at 1063–64; *McCoy,* 696 F.2d at 1236; *Edwards,* 680 F.2d at 1270; *Eisele,* 580 F.2d at 805.

* Former Fifth Circuit case, Section 9(1) of Public Law 96-452—October 14, 1980.